Robertson, State Revenue Agent, *v.* Bolivar County.

[96 South. 99. No. 23238.]

STATES. *Neither municipality, county, nor levee board chargeable with fees on account of investigation or suit of revenue agent; revenue agent not entitled to compensation for prevention of payment by county of illegal or unlawful warrants fraudulently issued.*

The compensation of the state revenue agent is provided for in section 4748, Code 1906 (section 7066, Hemingway's Code). Under this section neither the state nor any county nor municipality nor levee board is chargeable with any fees on account of any investigation or suit of the revenue agent. This officer is allowed as compensation for his services and expenses twenty per cent. of all amounts collected and paid over by him. He is not entitled to this compensation because by his investigation and activities he has prevented a county from paying illegal or unlawful warrants fraudulently issued.

APPEAL from circuit court of Bolivar county.

HON. W. A. ALCORN, JR., Judge.

Suit by Stokes V. Robertson, State Revenue Agent, against Bolivar County. From a judgment for defendant, plaintiff appeals. Affirmed.

*Scott & Scott,* for appellant.

Appellee in his brief cites the *Love case* (69 Miss. 109), the *Shelton case* (90 So. 83), the *Wynne case* (45 Miss. 569), and two or three others as authority for contending that appellant is not entitled to compensation in this case. An examination of these cases shows that they bear no analogy to the case at bar. Neither the facts nor the principles of law announced are applicable here. In each one of them, except the Shelton case, the plaintiffs were trying to collect commissions where no services except constructive services had been performed. They were trying to get something for nothing. In the Shelton case, while services had been performed and work done, there was another officer, the tax collector, already performing the same service and his rights were prior and he actually collected the taxes. In no one of the cases cited was there any defalcation on the part of any officer. In no one of them was there any probability that the moneys involved would have been lost to the county or state but for the activity of the officer claiming the commission.

How different here. In this case actual services were performed which required several months in their performance and a great deal of money expended.

*Clark, Roberts & Hallam,* for appellee.

As to the compensation of the revenue agent, the court will bear in mind that under the admitted facts, in this case, the revenue agent has not collected any money improperly withheld from the county, but he seeks to have the county withdraw from its treasury, moneys which have

never been out of the treasury with which to compensate him for his trouble and expenses in examining the books, accounts and vouchers of the superintendent of education and in instituting and defending the suits referred to. This cannot be done under the law for the reason that the county, in no case, shall be chargeable with any fees or expenses on account of any investigation or suit made or instituted by the state revenue agent. The statute with reference to the compensation which the state revenue agent shall receive is section 4748 of the Code of 1906 (section 7066 of Hemingway's Code), and reads as follows:

"Neither the state nor any county, municipality, or levee board shall be chargeable with any fees or expenses on account of any investigation or suit made or instituted by the state revenue agent; and he shall not receive any salary; but he shall be entitled to retain, as full compensation for his services and expenses, twenty per centum of all amounts collected and paid over by him, and of the purchase-money of all lands bid in for the state by him and sold by the land commissioner."

Had the board of supervisors paid the claim presented to it by the state revenue agent for the compensation here sued for, its action would have been a clear and flagrant violation of the first clause of the section last quoted. It could not legally allow the claim, for it can allow only such claims as the county is chargeable with. Such a position calls for no authority save the plain letter and spirit of the statute involved.

The statute provides how and when the state revenue agent shall receive commissions for any service performed by him. He shall retain from the amounts collected and paid over by him, a commission of twenty per cent. If no amounts are collected by him, he can clearly retain no compensation for there can be no retention of that which was never in possession.

Counsel rely almost exclusively on the case of *Adams* v. *Bolivar County* (75 Miss 154, 21 So. 608), in support of their contention that the appellant is entitled to judg-

ment for the commission sued for.  We submit that that case can give the appellant no comfort and supports the position of the appellee.  It might be said in passing that that decision stretched the statute governing the compensation for two things: that is, 1, an "investigation made;" and, 2, a "suit instituted," but expressly added that such compensation could be collected in either case only "where either results in the collection of the money."

SYKES, P. J., delivered the opinion of the court.

There is an agreed statement of facts in this case, the material parts of which are as follows: The state revenue agent, through a deputy, checked up the accounts of the superintendent of education of Bolivar county, and ascertained that a large number of school warrants had been issued by the clerk of the board of supervisors upon fraudulent pay certificates issued by the superintendent of education; that a number of these warrants had been paid by the county depository, and that a large number were outstanding.  Those outstanding aggregating in amount something over eleven thousand dollars.  The revenue agent obtained an injunction against the county depository, restraining it from paying these outstanding warrants.  Thereafter the holders of these warrants instituted mandamus proceedings against the depository for the purpose of compelling it to pay the warrants.  This mandamus suit was defended by the revenue agent, and this court sustained the contention of the revenue agent, and held that the depository should not pay these warrants.  It is the contention of the revenue agent that by this investigation and successful maintenance and defense of these suits he saved the county of Bolivar over eleven thousand dollars, and is entitled to a fee of twenty per cent. upon this amount.

The compensation of the state revenue agent is provided for in section 4748, Code 1906 (section 7066, Hemingway's Code), and reads as follows:

132 Miss.—10

"Neither the state nor any county, municipality, or levee board shall be chargeable with any fees or expenses on account of any investigation or suit made or instituted by the state revenue agent; and he shall not receive any salary; but he shall be entitled to retain, as full compensation for his services and expenses, twenty per centum of all amounts collected and paid over by him, and of the purchase money of all lands bid in for the state by him and sold by the land commissioner."

It is the contention of the appellant that this section should be liberally construed and that under the decision of the court in the case of *Adams* v. *Bolivar County*. 75 Miss. 184, 21 So. 608, a judgment should be rendered in favor of the appellant. In the *Adams Case, supra,* the court held that the revenue agent collected from the defaulting sheriff. In this case nothing was collected by the revenue agent. His activities and intervention in the matter may have possibly saved the county from the payment of these illegal warrants, but the fact remains that nothing was collected by the county because of these activities. This section of the Code expressly provides that neither the state, county, municipality, or levee board shall be chargeable with any fees by the revenue agent. The object of this suit is really to charge the county with this fee.

No fee can be collected by the revenue agent, unless there has been some collection by him. Neither can a county be charged a fee by him. In order to sustain the contentions of the appellant in this case, the statute would be violated in both of the above instances.

The circuit court held that the county was not liable, and the judgment is affirmed.

*Affirmed.*